64   37
143  343

THE COUNTY OF ALEXANDER

*v.*

LOUIS H. MYERS.

1. COUNTY—*liability of, for sheriff's fees in criminal cases.* Neither the act of 1865, nor any previous law fixing the fees of sheriffs, makes any provision that the county shall pay the sheriff's fees that he may earn in any criminal cause where the defendant is found not guilty.

2. SAME—*sheriff's fees for summoning grand and petit juries.* Although the act of 1865, entitled "An act to regulate the fees and compensation of sheriffs and collectors in certain counties," (Laws 1865, p. 69,) provides that the fees of the sheriff for serving each grand and petit juror shall be fifty cents, and mileage in making such service shall be five cents per mile, yet the act contains no provision that the county shall pay the same, and it seems that the county is not liable therefor.

3. SAME—*summoning talesmen.* But if it were conceded that it was the intention of the legislature that the county should pay for such services, the liability would be confined to service in summoning the regular panels

of jurors, and would not embrace service in summoning *talesmen*, who are supposed to be selected from the bystanders. For such service the sheriff and his bailiffs receive a *per diem* fee from the county.

4. CONSTITUTIONAL LAW. The court seem to entertain doubts of the constitutionality of the special act of 1865 regulating the fees of sheriffs in certain counties.

WRIT OF ERROR to the Circuit Court of Alexander county; the Hon. DAVID J. BAKER, Judge, presiding.

The claim in this case was $12.60 for summoning the panel of petit jurors, of which sixty cents was for mileage. The other item of $136.70 was for fees and mileage in summoning 183 talesmen in a criminal case brought from Union county to Alexander county.

The act of 1847 provided that the county courts might, if they deemed it expedient, allow the sheriffs of their counties any sum not exceeding ten dollars for summoning the grand and *petit* jurors for each term of the circuit court, which should be in full for such service.

The act of 1849 (Special Laws, p. 81,) provided that the sheriff should receive the following fees: " For summoning a jury, (grand jury excepted,) each case, fifty cents."

The act of February 16, 1865, (Laws 1865, p. 69,) provided as follows: " Sec. 1. The fees and compensation of the sheriffs of the several counties hereinafter named shall be as follows:" * * " Serving each grand and petit juror, fifty cents; for each mile of necessary travel to serve such juror, five cents."

This act applied only to certain counties, and was to remain in force until July 1, 1867. The act of 1867 continued the act of 1865 in force indefinitely in certain counties. (Laws 1867, p. 112).

Messrs. GREEN & GILBERT, for the plaintiff in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The defendant in error, at the September term, 1870, of the county court of Alexander county, presented two accounts

against the county—one for summoning twenty-four "petit jurors," $12.60, and one for summoning one hundred and eighty-three "tales-jurors," $136.70—under special venires issued by order of the circuit court of that county, to serve as jurors in a criminal cause then pending in that court.

The county court rejected the claims, and the defendant in error prosecuted an appeal to the circuit court, where a trial was had before the court without the intervention of a jury, which resulted in a judgment in his favor for one hundred and forty-nine dollars and thirty cents, being the full amount of both accounts.

The jurors were summoned to serve in a criminal cause wherein the People of the State of Illinois were plaintiffs and Abraham Meisenheimer was defendant, on a charge of murder. The evidence shows that the defendant was acquitted.

It will be observed that neither the act of 1865, nor any previous law fixing the fees of sheriffs, makes any provision that the county shall pay the sheriff's fees that he may earn in any criminal cause where the defendant shall be found not guilty, and so the county could not be liable on that ground.

The defendant in error claimed, and was, by the judgment of the circuit court, allowed fees for his services in summoning the jurors, under the provisions of the act of 1865, as amended by the act of 1857, in relation to sheriff's fees.

The services claimed for were rendered in 1870, prior to the adoption of the present constitution; consequently the act of 1865 was then in force, and the decision of this case must turn upon the construction that shall be given to that act.

It seems that there was no general law prior to 1865 that made it obligatory upon the county to pay the sheriff's fees for summoning either the grand or petit jurors. By the act of 1849 the sheriff was allowed for summoning a jury, (grand jury excepted,) each, fifty cents. Gross' Stat. chap. 41, div. 6, p. 282.

The law contains no provision that the county shall pay the sheriff's fees for such services.

By the act of 1847 the county commissioners' court of any county, if they deemed it expedient to do so, could allow the sheriff any sum not exceeding ten dollars for summoning the petit and grand jurors for each term of the circuit court.

The act of 1865 contained no express provision that the county should pay the sheriff his fees, as therein provided, for summoning grand and petit jurors to attend upon the circuit court, but if we assume that it was the intention of the legislature that the county should pay for such services, we do not think that, by any just construction of that act, the sheriff could recover for such services as claimed for in this case. The true construction seems to us to be, that the fees and mileage allowed by the provisions of that act apply only to the regular grand and petit jurors summoned to attend on the circuit court, and not to "talesmen" that the sheriff may be directed by the court to summons in term time. The theory of the law is that "tales-jurors" are called from the "bystanders." It may be true that in this instance they were summoned from the "body of the county" by the sheriff and his bailiffs, all of whom, however, were receiving a per diem allowance from the county for their services. It would be a very unreasonable construction to hold that the legislature intended to provide that the county should pay the sheriff and his bailiffs a per diem compensation, and in addition thereto allow the sheriff fees for the services which they should respectively render.

The act of 1865, as amended, was a special law, and applied only to certain counties named, and, to say the least of it, was of doubtful constitutionality, and we are unwilling to so construe it as to hold that the county would be liable for services not clearly within its express provisions.

Under this construction of the act of 1865, the judgment of the circuit court was erroneous, and must be reversed and the cause remanded.

*Judgment reversed.*